JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
(702) 258-1183 / (702) 258-6983 (fax)
jp@kemp-attorneys.com
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SHAHROOZ RAHIMIAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>RACHEL ADRIANO,<br><br>*Defendant.* | Case No. 2:20-cv-02189-GMN-VCF<br><br>**JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff Shahrooz Rahimian and Defendants Rachel Adriano and Juan Martinez, Inc. dba Century 21 Americana ("Century 21") jointly submit the following discovery plan and proposed scheduling order pursuant to Federal Rule of Civil Procedure 26(f) and L.R. 26-1.

1. **Discovery Plan**:

   A. **Initial Disclosures**: The parties have agreed to exchange disclosures in the form required by Rule 26(a) by April 30, 2021.

   B. **Subjects of Discovery, Completion of Discovery, and Phasing of Discovery**:

   i. ~~*Plaintiff*: Plaintiff proposes that all discovery on the subjects identified below, and any subjects that the parties later identify, be completed by January 31, 2022. Plaintiff requests an extended discovery schedule as this is a putative class action~~

All parties appeared via video conference. The Court makes preliminary remarks and hears representations of counsel as to [23] Discovery Plan and Scheduling Order. The Proposed Discovery Plan and Scheduling Order is GRANTED and the order attached will be signed. Section B is replaced by today's order. ORDERED that the plaintiff can conduct discovery related to his individual claims, the vicarious liability of Century 21 Americana, the providers of lead list and the service providers for dialing. The plaintiff may serve preservation subpoenas on the lead list providers and the dialing service providers. The defendant may obtain comparable discovery. (ECF No. 27).

involving multiple defendants, and discovery is anticipated to require extensive third party discovery, which may require the filing of subpoena enforcement actions, as well as expert discovery. Plaintiff anticipates serving an initial round of written discovery seeking discovery directed primarily towards Defendants' defenses to Plaintiff's claim and identifying all parties involved in the making of prerecorded voice calls, calls to persons whose numbers are on the Do Not Call registry, and/or calls to persons who previously requested not to be called by or on behalf of Defendant Ms. Adriano, including information relating to the content, creation, and instructions to make the calls, as well as information sufficient to identify the recipients of those calls.  This written discovery will seek information maintained by Defendant or by any agent thereof.  Plaintiff will also seek related information from any third party marketers or others involved in the making of the calls.  Plaintiff then intends to depose Defendant Adriano relating to her defenses, telemarketing practices, and the calls at issue, and serve additional written discovery as necessary.  Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff and the classes' claims.

Plaintiff does not believe discovery should be stayed pending a ruling on Defendants' motion to dismiss because delaying discovery creates a likelihood of prejudice to Plaintiff and the class. *See Saleh v. Crunch, LLC*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial).

Specifically, although TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a), not all telecommunications companies or other telemarketing companies keep records of telephone activities for up to four years. Without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time.

The risk to Plaintiff's and the putative class's interests is not merely hypothetical. Multiple TCPA decisions have turned on the destruction of calling records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment because the plaintiff was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, courts regularly permit plaintiffs to commence discovery even prior to a Rule 26(f) conference. *See, e.g., Cooley v. Freedom Forever LLC*, No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019). Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery to secure records as it investigates Century 21's

realtors' telemarketing practices and the calls made to Plaintiff and members of the class.

This precise issue was addressed in *Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *20-22 (S.D.N.Y. Aug. 19, 2019):

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
> …
> In the meantime, it is clear that critical evidence, including records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

*See also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (the party seeking stay is required to establish a "clear case of hardship or inequity in being required to go forward"); *Larson v. Harman Mgmt. Corp.*, No. 16-cv-00219-DAD-SKO, 2018 WL 6459964, at *5 (E.D. Cal. Dec. 10, 2018) ("Where defendants have not identified any specific harm beyond the cost of litigation, it has been held that 'being required to defend a suit, without more, does not constitute a "clear case of hardship or inequity" within the meaning of *Landis*.'").

Bifurcating discovery as Defendants propose creates the exact same likelihood of prejudice to Plaintiff and the class as staying discovery pending resolution of Defendants' motion to dismiss. Additionally, bifurcating discovery as Defendants propose would be inefficient. First, Defendants have not identified a defense that is unique to Plaintiff. To the extent Defendants contend that a prerecorded message was

not used to make calls, the issue of how calls were made is a class issue. As the amended complaint makes clear, the proposed classes are comprised of persons whose telephone number were obtained in the same manner as Plaintiff's telephone number was obtained and who were called in the same way. Similarly, the issue of Juan Martinez, Inc.'s vicarious liability does not involve any individual issues—rather, it is a quintessential class issue. Finally, whether Plaintiff's and class members' numbers were on the National Do Not Call Registry will be a common issue addressed through expert testimony. *See, e.g., Mey v. Frontier Communications Corp.*, No. 13-cv-01191-MPS, slip op. (ECF 102) (D. Ct. 2015) ("This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") …. The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.").

Accordingly, the sequencing proposed by Defendants is inefficient and improper. Because of the overlap between discovery regarding the merits of Plaintiff's claims and class certification, Defendants' request to bifurcate discovery will not promote judicial efficiency or a prompt resolution of the case. To the contrary, bifurcation will unnecessarily delay the action, prejudicing Plaintiff and the putative class, by requiring the Court to resolve the parties' anticipated disagreement as to the bright-line between merits and class certification discovery. *Charvat v. Plymouth Rock Energy, LLC*, 2016 U.S. Dist. LEXIS 6778 at *6 (E.D. N.Y. 2016) ("In fact,

bifurcation would have the opposite effect." And denying bifurcation in TCPA putative class action). Under these circumstances, district courts regularly refuse to bifurcate discovery. *See, e.g., Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057 FMO (SPx), 2018 U.S. Dist. LEXIS 2286, at *8-9 (C.D. Cal. Jan. 5, 2018) (finding that bifurcation was not warranted in TCPA action and explaining, "many courts are reluctant to bifurcate class-related discovery from discovery on the merits. This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst") (internal citations omitted).

ii. *Defendant*: Defendants believe the Court should stay discovery pending resolution of the motion to dismiss (ECF No. 18) that defendants filed on March 11, 2021.  If granted, this motion will resolve nearly all claims in this case and better inform what discovery is necessary and appropriate under Fed. R. Civ. P. 26(b)(1).

If the Court is not willing to stay discovery pending decision on the motion to dismiss, Defendants propose the Court bifurcate discovery into two phases:  (1) pre-class discovery on Plaintiff's individual claims against Defendants and vicarious liability claims against Century 21; and (2) thereafter, class discovery into issues related to the composition of the case, and issues relevant to the class-certification analysis (including but not limited to commonality, typicality, numerosity, and predominace under Fed. R. Civ. P. 23)

Federal Rule 42(b) gives the Court broad discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Under Rule 42(b), courts have "power to limit discovery to the segregated issues ... One of the purposes of Rule 42(b) is to permit deferral of costly and possibly

unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970); *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.").

Courts properly exercise their discretion to bifurcate discovery where there is a threshold issue that may be dispositive of the plaintiff's claims, and thus limiting discovery to that issue may conserve the parties' and the court's resourcese. *See e.g., Boehm v. Pure Debt Sols. Corp.*, No. 8:19-cv-00117-LSC-CRZ, 2019 U.S. Dist. LEXIS 177676, at *1–2 (D. Neb. Oct. 11, 2019) (the court bifurcated discovery to allow discovery to proceed solely as to the claims of the named plaintiff); *see also Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962 (N.D. Cal. 2013) ("One permissible reason to bifurcate is to defer costly discovery on one issue until another potentially dispositive issue has been resolved.").

In deciding whether to stay class discovery until after individual discovery has been completed, "[a]mong the matters the court may consider in deciding whether to bifurcate are: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at an early practicable time, (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class

discovery." *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (international quotation marks and citation omitted).

"The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery." *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBX), 2009 WL 10674767, at *1 (C.D. Cal. Nov. 2, 2009). Courts in other districts have also bifurcated discovery in class action cases for the sake of efficiency. *See e.g.*, *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (staying class discovery); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (bifurcating discovery in a TCPA case "where some limited, first-stage production could stave off substantial wasted efforts, the Court believes bifurcation is appropriate"); *Dennis v. Amerigroup Washington, Inc.*, No. 3:19-CV-05165-RBL, 2019 WL 7756256, at *1 (W.D. Wash. Sept. 19, 2019) (granting motion to bifurcate discovery); *Rivera v. Exeter Fin. Corp.*, No. 15-cv-01057-PAB-MEH, 2016 WL 374523 (D. Col. Feb. 1, 2016) (referencing earlier order granting motion); *Leschinsky v. Inter–Continental Hotels Corp.*, No. 8:15–cv– 1470–T–30MAP, 2015 WL 6150888 (M.D. Fla. Oct. 15, 2015) (granting motion)).

If the initial phase of discovery demonstrates that Plaintiff's claims fail or that Plaintiff does not adequately represent the class, then the far more resource intensive discovery can be avoided. *Katz*, 2019 WL 957129, at *2 ("class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone

8

numbers at issue are within the TCPA, whether named Plaintiffs' are within the classes they purport to represent, and whether any named Plaintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim.").

Further, bifurcating discovery also permits the Court to make an early determination on the appropriateness of class certification, as required by Rule 23(c)(1). *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) ("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.").

There are several threshold matters in this case, including, whether the calls at issue were prerecorded, whether the at-issue phone number was on the DNC list, and whether Century 21 can be held vicariously liable for calls allegedly made by Ms. Adriano.  If the alleged calls were not prerecorded or if the at-issue phone number was not on the DNC list, then Plaintiff cannot adequately represent the class.

Defendants believe there is good cause under the law and the Federal Rules of Civil Procedure for structuring discovery in this manner.  Plaintiff should not be entitled to burden Defendants—particularly Century 21—with broad class discovery as it has announced above unless and until it has demonstrated that the merits of its individual claims.  Otherwise it would be disproportional and unduly burdensome to subject Defendants to broad, unfettered class discovery until discovery has established the viability of Plaintiff's individual claims.  Only if that discovery supports Plaintiffs claims, then discovery would then move to the costly and burdensome class issues.

To address Plaintiff's concern that third-party telecommunications companies evidence may be lost or destroyed, the Court can issue an order to preserve such evidence. *Boehm v. Pure Debt Sols. Corp.*, No. 8:19-cv-00117-LSC-CRZ, 2019 U.S. Dist. LEXIS 177676, at *2 (D. Neb. Oct. 11, 2019) (The court issued a preservation order "in an effort to prevent the loss or destruction of data that is potentially relevant to this putative class action, which data is reasonably believed to be in the possession or control of third-party cellular telephone carriers and companies used by Defendant to place outgoing calls").

C. **Disclosure, Discovery, or Preservation of Electronically Stored Information**: The parties do not anticipate any issues regarding electronically stored information.

D. **Claims of Privilege or of Protection as Trial Preparation Materials**: The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties propose that the procedure in Fed. R. Civ. 26(b)(5)(B) will govern the assertion claims of privilege or work product after production. The parties further propose the Court include this agreement in an order issued under FRE 502.

E. **Limitations of Discovery**: Plaintiff does not believe, at this time, that any changes should be made in the limitations on discovery imposed under the Federal Rules or Local Rules. Defendant believes that discovery should be bifurcated as stated in Section I(B)(ii) above.

F. **Other Rule 16(b), 16(c), or 26(c) Orders**: There are no other orders that the Court should issue under Rule 16(b), 16(c), or 26(c) at this time.

2. **Proposed Deadlines**:

A. ~~Plaintiff's Position~~

| EVENT | PROPOSED DEADLINE |
|---|---|
| Discovery Cut-Off | Defendant responded to the Complaint on January 25, 2021. Plaintiff anticipates requiring until January 31, 2022 to complete discovery because this is a putative class action involving multiple defendants, experts, and extensive third party discovery. |
| Amend pleadings and join any additional parties | May 21, 2021 |
| Disclose initial expert witnesses, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | 60 days before the discovery cut-off date, or December 2, 2021. |
| Disclose rebuttal expert witnesses, rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | 30 days after the initial disclosure of experts, or January 3, 2022. |
| File motion for class certification | November 1, 2021 |
| File dispositive motions, including summary judgment motions, Daubert motions, and motions to strike experts | 30 days after Discovery Cut-Off, or March 2, 2022 |
| Submit Fed. R. Civ. P. 26(a)(3) disclosures and Joint Pretrial Order | 30 days after decision on the dispositive motions or further court order |

**B.** Defendant's Position

Pre-class certification:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Discovery Cut-Off on Plaintiff' Individual Claims | July 26, 2021 |
| Amend pleadings and join any additional parties | April 27, 2021 |
| File dispositive motions, including summary judgment motions, Daubert motions, and motions to strike experts | August 25, 2021 |

Post Class Certification:

11

| EVENT | PROPOSED DEADLINE |
|---|---|
| Discovery cut-off on class claims | 180 days after decision on Pre-class dispositive motion |
| File motion for class certification | 90 days after decision on Pre-class dispositive motion |
| Disclose initial expert witnesses, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | 60 days before the discovery cut-off date |
| Disclose rebuttal expert witnesses, rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | 30 days after the initial disclosure of experts |
| File dispositive motions, including summary judgment motions, Daubert motions, and motions to strike experts | 30 days after Discovery Cut-Off |
| Submit Fed. R. Civ. P. 26(a)(3) disclosures and Joint Pretrial Order | 30 days after decision on the dispositive motions or further court order |

**3. Alternative Dispute Resolution.**

**A. Plaintiff's Position**

Plaintiff hereby certifies that she considered the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. Plaintiff is open to mediation.

**B. Defendant's Position**

Defendant hereby certifies that they considered the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. Defendant is always open to the possibility of alternative dispute-resolution.

**4. Alternative Forms of Case Disposition.**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**5. Electronic Evidence.**

The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

                                          Respectfully submitted,

Dated:  April 6, 2021.        /s/ Avi R. Kaufman
                                          Avi R. Kaufman (Florida Bar no. 84382)
                                          KAUFMAN P.A.
                                          400 NW 26th Street
                                          Miami, Florida 33127
                                          Telephone: (305) 469-5881
                                          Email: kaufman@kaufmanpa.com

                                          JAMES P. KEMP, ESQUIRE
                                          Nevada Bar No. 006375
                                          KEMP & KEMP, ATTORNEYS AT LAW
                                          7435 W. Azure Drive, Suite 110
                                          Las Vegas, NV 89130
                                          (702) 258-1183 / (702) 258-6983 (fax)
                                          jp@kemp-attorneys.com

                                          *Counsel for Plaintiff*
                                          *and all others similarly situated*

                                          */s/ Briana Martinez*
                                          Robert McCoy, No. 9121
                                          Ryan M. Lower, No. 9108
                                          Briana Martinez, No. 14919
                                          1980 Festival Plaza Drive, Suite 650
                                          Las Vegas, Nevada 89135
                                          Telephone: (702) 792-7000
                                          Email: rmccoy@kcnvlaw.com
                                          Email: rlower@kcnvlaw.com
                                          Email: bmartinez@kcnvlaw.com

                                          Counsel for Defendants Rachel Adriano and

IT IS SO ORDERED.                        Juan Martinez, Inc. dba Century 21 Americana

_____
Cam Ferenbach
United States Magistrate Judge

      4-16-2021
Dated:_____

13