# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAHROOZ RAHIMIAN,                    ) | |
|                                       ) | |
|                     Plaintiff,        ) | Case No.: 2:20-cv-02189-GMN-VCF |
|         vs.                           ) | |
|                                       ) | **ORDER** |
| RACHEL ADRIANO AND JUAN               ) | |
| MARTINEZ, INC. doing business as      ) | |
| CENTURY 21 AMERICANA,                 ) | |
|                                       ) | |
|                     Defendants.       ) | |
|                                       ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 18), filed by Defendants Rachel Adriano ("Adriano") and Juan Martinez, Inc. d/b/a Century 21 Americana ("Century 21") (collectively, "Defendants").  Plaintiff Shahrooz Rahimian ("Plaintiff") filed a Response, (ECF No. 25), and Defendants filed a Reply, (ECF No. 26).

For the reasons discussed herein, Defendants' Motion to Dismiss is **GRANTED**.

## I.    BACKGROUND

This case arises out of Defendants' alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Am. Compl., ECF No. 13).  Plaintiff brings this class action lawsuit against real estate agent Ms. Adriano, who allegedly placed multiple unsolicited phone calls to Plaintiff, along with her broker, Defendant Century 21. (*Id.* 1:21–2:8).

Defendant Adriano is a regular attendee at Century 21 events and trainings. (*Id.* ¶ 40). Plaintiff alleges that Defendant Century 21 provided direct support, training and guidance to Adriano. (*Id.* ¶ 18).  Specifically, Defendant Century 21 trained Adriano on cold calling by

providing training courses, scripts, and coaching, which allegedly led her to placing unsolicited calls to Plaintiff. (*Id*. ¶ 42).

On April 1, 2019, at 7:39 p.m., Plaintiff received an unsolicited call to his landline from Ms. Adriano, who left a pre-recorded message on Plaintiff's voicemail. (*Id*. ¶¶ 56–57). A few minutes later, Plaintiff received another call from Ms. Adriano. (*Id*. ¶ 58). This time, Plaintiff picked up the phone call and told Ms. Adriano that he was not interested in her services. (*Id*. ¶¶ 59–60). Plaintiff again asked Ms. Adriano to stop calling. (*Id*. ¶ 60). Despite his efforts, Plaintiff alleges he received a third call from Ms. Adriano on April 23, 2019, at 11:09 a.m. (*Id*. ¶ 61). Plaintiff asked to speak to a manager to stop the calls, but Ms. Adriano allegedly ended the call. (*Id*. ¶ 62). The same scenario occurred again on May 17, 2019. (*Id*. ¶¶ 64–66).

On December 1, 2020, Plaintiff filed the instant class action against Defendants on behalf of three classes: (1) the Prerecorded No Consent Class; (2) the Do Not Call Registry Class; and (3) Internal Do Not Call Class. (*Id*. ¶¶ 77–78). Plaintiff makes the following allegations: (1) violation of the Telephone Consumer Protection Act on behalf of Plaintiff and the Prerecorded No Consent Class; (2) violation of the Telephone Consumer Protection Act on behalf of the Do Not Call Registry Class; and (3) violation of the Telephone Consumer Protection Act on behalf of the Do Not Call Class. (*Id*. ¶¶ 84–98). On February 16, 2021, Plaintiff amended the Complaint to add Defendant Century 21. (Am. Compl., ECF No. 13). Defendants then filed the instant Motion to Dismiss. (Defs.' Mot. Dismiss ("MTD"), ECF No. 18).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions

couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   <u>DISCUSSION</u>

Defendants move to dismiss Plaintiff's first cause of action and third cause of action against Defendant Adriano and all claims against Defendant Century 21. (MTD 3:5–6).  The TCPA prohibits any call using automatic telephone dialing system or an artificial or prerecorded voice to a telephone without prior express consent by the person being called, unless the call is for emergency purposes. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The TCPA makes it unlawful 'to make any call' using an ATDS.").  "The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy." *Satterfield*, 569 F.3d at 952.  There are three elements for a TCPA violation: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent." *See, e.g., Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1300 (D. Nev. 2014).  The Court begins it analysis by discussing Plaintiff's first claim.

### A.   CLAIM 1: PRERECORDED NO CONSENT

First, Defendants assert that Plaintiff fails to plead sufficient facts to demonstrate that one of the calls he received was prerecorded, in violation of the TCPA. (MTD 7:17–9:3).  The parties each cite to relevant authority in support of their respective positions. (*Id.* 7:17–9:3); (*see also* Resp. to MTD 9:4–10:11).  The Court notes, however, that caselaw on prerecorded calls under the TCPA is sparse in the District of Nevada.[1]  "Nevada courts often look to

---

[1] Indeed, the parties cite to district court cases from various states in their briefing, including California, Arizona, Oregon, and New Jersey. (*See generally* MTD, ECF No. 18); (*see also* Resp. to MTD, ECF No. 25).

California law where, as here, Nevada law is silent." *Hiekel v. 268 Ltd.*, 887 F.2d 1089 at, *1 n.3 (9th Cir. 1989) (citing *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 94 Nev. 536, 583 P.2d 449, 451 (Nev. 1978)).  In California, most courts have required specific facts—more than mere conclusory allegations—in pleading a TCPA claim. *Caruso v. Cavalry Portfolio Servs.*, No. 19-CV-1224-CAB-AHG, 2019 U.S. Dist. LEXIS 169377, at *11 (S.D. Cal. Sep. 30, 2019) (dismissing with leave to amend "Plaintiff's conclusory allegations" of a prerecorded call because "Plaintiff does not allege [. . .] any circumstances that could support an inference that the calls were placed with [. . .] an artificial or prerecorded voice"); *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 U.S. Dist. LEXIS 46429, at *15-16 (N.D. Cal. Mar. 20, 2019) (finding that the plaintiff "does not allege facts to support the conclusion that [the defendant] 'allows' autodialed and prerecorded calls"); *De la Cabada v. Ytel, Inc.*, No. 19-cv-07178-JSC, 2020 U.S. Dist. LEXIS 41439, at *11-12 (N.D. Cal. Mar. 10, 2020); *Forney v. Hair Club For Men Ltd.*, No. CV 16-9640-R, 2017 U.S. Dist. LEXIS 214251, at *5 (C.D. Cal. June 26, 2017).[2]

Plaintiff, in the present case, simply alleges that "Century 21 . . . transmitted unwanted solicitation telephone calls to Plaintiff and other members of the Prerecorded No Consent Class using a prerecorded voice message." (Am. Compl. ¶ 85).  Without further specifics, Plaintiff's allegation is conclusory.  Plaintiff does not allege "any circumstances that could support an inference that the calls were placed with . . . an artificial or prerecorded voice." *Tuck v. Portfolio Recovery Assocs., LLC*, No. 19-CV-1270-CAB-AHG, 2019 U.S. Dist. LEXIS

---

[2] Pursuant to the parties' briefing and the Court's own research, the Court notes that one court in California determined that "Plaintiff's use of the words 'artificial or prerecorded voice' from the TCPA statute does not render his factual allegation inadequate." *Mata v. Veros Credit, LLC*, No. SA CV 16-98-DOC (JCGx), 2017 U.S. Dist. LEXIS 114373, at *9 (C.D. Cal. Jan. 20, 2017).  This case, however, appears to be an outlier decision in light of more recent caselaw from California.

179274, at *10-11 (S.D. Cal. Oct. 16, 2019).  The Court accordingly dismisses Plaintiff's first claim.

### B.    CLAIM 3: INTERNAL DO NOT CALL REGISTRY

Defendants further contend that Plaintiff fails to plausibly allege that Defendants lack an internal Do Not Call ("DNC") policy.[3] (*Id*. 9:4–10:11).  47 C.F.R. § 64.1200(c), the implementing regulation of the TCPA, prohibits solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

Plaintiff cites to *Shelton v. Merch. Flow Fin. Corp.*, No. 18-11294 (JMV) (SCM), 2018 U.S. Dist. LEXIS 217826, at *19 (D.N.J. Dec. 28, 2018), in defending its third claim. (Resp. to MTD at 11).  There, the District Court of New Jersey determined that Plaintiff did not sufficiently plead a violation of "FCC Regulation 64.1200(d)(1)." *Shelton v. Merch. Flow Fin. Corp.*, Civil Action No. 18-11294 (JMV) (SCM), 2018 U.S. Dist. LEXIS 217826, at *19 (D.N.J. Dec. 28, 2018).  The plaintiff, Shelton, requested a copy of the do-not-call policy, but the defendant never responded. *See id*.  Moreover, after Shelton requested to be placed on the internal do-not-call list, he did not receive further calls. *See id*.  The District Court of New Jersey explained that "Plaintiff cannot recover simply for Defendant Merchant Flow's failure to send him the policy.  Plaintiff must plausibly allege that Defendant Merchant Flow did not have an internal do-no-call policy while making calls to Plaintiff." *Id*.

Plaintiff, in the instant case, provides fewer allegations than the plaintiff in *Shelton*, where the District Court of New Jersey nevertheless dismissed the claim for failure to state a

---

[3] In their Reply, Defendants advance a new argument that the May 17th call to Plaintiff's cell phone was within the 30-day safe harbor and as such, Plaintiff does not plausibly allege a claim under 47 C.F.R. § 64.1200(d). (Reply to MTD 14:12–15:5). "Issues raised for the first time in the reply brief are waived." *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).  The Court thus does not analyze Defendants' safe harbor argument.

claim. *Id.*  Unlike the plaintiff in *Shelton*, Plaintiff did not request a copy of the Do Not Call Registry from Defendants.  Plaintiff's allegations that he requested Defendant Adriano to stop calling him and yet she persisted, do not plausibly allege an internal do not call list violation. (Am. Compl. ¶¶ 61, 66).  Plaintiff does not allege further facts to reasonably infer that Defendants maintained a DNC policy and further, that Defendant Adriano called him in violation of such policy. *Twombly*, 550 U.S. at 570 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Accordingly, the Court dismisses Plaintiff's third claim.

### C.   VICARIOUS LIABILITY

Even if Plaintiff properly pled that the alleged calls were prerecorded or contradicted Defendants' DNC policy, Defendants alternatively argue that Plaintiff fails to state a direct claim against Defendant Century 21 either through direct liability or vicarious liability. (MTD 10:12–16:5).  Defendants specifically argue, as to vicarious liability, that Plaintiff does not plausibly allege any theory of agency: actual authority, apparent authority, and ratification. (*Id.* 11:9–16:5).  In response, Plaintiff solely disputes Defendants' vicarious liability argument. (Resp. to MTD 12:1–20:4).  Because Plaintiff does not dispute that Defendant Century 21 is not directly liable for Adriano's claims, the Court accordingly limits its analysis below to whether Century 21 is vicariously liable for Ms. Adriano's actions.

"[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014), *aff'd sub nom. Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674, 193 L. Ed. 2d 571 (2016) ("[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations.").  "Agency is the fiduciary relationship that arises when one person (a 'principal')

manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 853 F.3d 1020, 1029 (9th Cir. 2017) (quoting Restatement (Third) Of Agency § 1.01 (Am. Law Inst. 2006)).   There are three agency theories for establishing TCPA liability, including actual authority, apparent authority, and ratification. *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 453 n.3 (9th Cir. 2018) (citing *In re DISH Network, LLC*, 28 FCC Rcd 6574, 6584 (F.C.C. May 9, 2013)).   The Court begins it analysis by discussing actual authority.

### 1.      Actual Authority

"Actual authority, 'arises through 'the principal's assent that the agent take action on the principal's behalf.'" *Id*. (quoting Restatement (Third) Of Agency § 3.01).  "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) Of Agency § 2.01.  "Express actual authority derives from an act specifically mentioned to be done in a written or oral communication." *NLRB v. District Council of Iron Workers of the State of California and Vicinity*, 124 F.3d 1094, 1098 (9th Cir. 1997).  "Implied actual authority comes from a general statement of what the agent is supposed to do; an agent is said to have the implied authority to do acts consistent with that direction." *Id*.

Here, Plaintiff fails to allege a plausible claim of actual authority as to Century 21. Plaintiff, in his Complaint, claims that "Defendant Adriano was authorized by Century 21 Americana to act on Century 21's behalf with respect to the cold calls placed to the Plaintiff and others." (Am. Compl. ¶ 44).  Plaintiff additionally alleges that Juan Martinez, owner and president of Century 21, provided training to Defendant Adriano "which led her to placing unsolicited calls to Plaintiff." (*Id*. ¶¶ 21, 42).  Such allegations, however, do not allege the

"essential ingredient" in determining whether an agency relationship exists—"the extent of control exercised by the employer." *Jones v. Royal Admin. Servs.*, 866 F.3d 1100, 1106 (9th Cir. 2017).[4]

Plaintiff, in support of his argument, cites a case that is distinguishable and inapplicable to this district. (Resp. to MTD 13:19–15:15).  First, *United States v. Dish Network LLC* is a decision from the Illinois Central District Court. *Dish Network LLC*, 256 F. Supp. 3d 810, 923 (C.D. Ill. 2017) (citing Restatement (Third) of Agency § 2.02(1)).  Though decisions from other districts are persuasive, the Court does not find *Dish Network LLC* instructive in the present case.  In *Dish Network LLC*, the Illinois Central District Court analyzed agency theories at the summary judgment stage, which concerns a substantially different standard from the motion to dismiss stage which applies to the present case. *Id*.  Accordingly, the Court finds that Plaintiff fails to plead a plausible claim of actual authority as to Defendant Century 21.

### 2.   Apparent Authority

"Apparent authority results when the principal does something or permits the agent to do something which reasonably leads another to believe that the agent had the authority he purported to have." *Hawaiian Paradise Park Corp. v. Friendly Broad. Co.*, 414 F.2d 750, 756 (9th Cir. 1969).  Vicarious liability only applies if it can "be established by proof of something said or done by the [alleged principal], on which [the plaintiff] *reasonably relied*." *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (emphasis added).  In *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014), the Ninth Circuit affirmed the district court's decision to dismiss a similar TCPA case because "the evidence was insufficient to establish that Taco Bell Corp. [the principal] was liable under the"

---

[4] Plaintiff alleges that "Adriano is a leading Century 21 Americano producer, who has been recognized with numerous awards and accolades from Century 21 Americana." (Am. Compl. ¶ 43).  Plaintiff, however, does not allege sufficient facts to demonstrate that Ms. Adriano acted as an agent of Century 21, who was under the direct control and direction of Century 21. *See Jones v. Royal Admin. Servs.*, 866 F.3d at 1106.

vicarious liability theory. *Id*.  The plaintiff in *Thomas* failed to allege a theory of apparent authority because she did not show "that she reasonably relied, much less to her detriment, on any apparent authority [from the principal to the agent]." *Id*.

Likewise, Plaintiff fails to allege facts that he reasonably relied on any statements made by Ms. Adriano on behalf of Defendant Century 21.  Plaintiff claims that Defendant Adriano identified herself as calling "from Century 21 Americana." (Am. Compl. ¶ 62).  That allegation, however, only establishes that a reasonable person would believe that Ms. Adriano acted on authority granted from Century 21. *Hawaiian Paradise Park Corp.*, 414 F.2d at 756.  Other than Plaintiff's broad allegation that "Defendant Adriano had apparent authority to act on Century 21 Americana's behalf," Plaintiff fails to plead sufficient facts demonstrating reasonable reliance. *NLRB*, 124 F.3d at 1099.  Notably, Plaintiff does not respond to Defendant's argument concerning reasonable reliance. (Resp. to MTD 19:3–20:4).  The Court accordingly finds that Plaintiff fails to plead a plausible claim of apparent authority as to Defendant Century 21.

### 3.    Ratification

"Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073 (9th Cir. 2019) (citing Restatement § 4.01).  There are two ways to establish ratification. *Id*.  The first is by a "knowing acceptance of the benefit. *Id*.  "To prove this form of ratification, there must be 'an objectively or externally observable indication . . . that the principal has exercised choice and has consented' to the acts of the purported agent." *Id*. (citing Restatement § 4.01 cmt. d).  Another way to demonstrate ratification is through "willful ignorance." *See id*.  "Under the 'willful ignorance' theory, the principal may not know the material facts, but has 'ratified with awareness that such knowledge was lacking.'" *Id*. (citing Restatement § 4.01 cmt. b).

Plaintiff fails to allege sufficient facts to establish ratification. (*See* Resp. to MTD 17:1–19:18).  In the Amended Complaint, Plaintiff alleges a conclusory statement that "Century 21 Americana ratified Adriano's making of the telemarketing calls". (Am. Compl. ¶ 44).  Plaintiff further claims that Century 21 knew that Adriano placed telemarketing calls to consumers on behalf of Century 21, "and yet Century 21 Americana ratified Adriano's conduct without further investigation." (*Id*.).  Nowhere, however, does Plaintiff allege either theory of ratification in its Amended Complaint.  Of note, Plaintiff also does not respond to Defendants' arguments on ratification as raised in the Motion to Dismiss. (Resp. to MTD 19:3–20:4) (arguing that Plaintiff sufficiently pleads a theory of ratification "based on the same allegations supporting an actual authority theory for purposes of establishing personal jurisdiction.").  As established above, Plaintiff does not plausibly allege theories of actual authority and apparent authority in his Amended Complaint.  The Court accordingly dismisses all claims as to Defendant Century 21.

### D.    LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to cure the deficiencies as to Plaintiff's First Claim and Third Claim as to Defendant Adriano and all claims against Defendant Century 21.  Accordingly, the Court will grant Plaintiff leave to file

an amended complaint.  Plaintiff shall file his second amended complaint within twenty-one (21) days of the entry of this Order.

## V.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 18), is **GRANTED**.

**IT IS FURTHER ORDERED** that if Plaintiff elect to amend his claims that are dismissed without prejudice, Plaintiff shall have twenty-one days from the date of this Order to do so.

**DATED** this ___16___ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT